## HELEN COUGHLIN, Pro Ami vs. EDWARD J. BRADBURY.

## JOHN P. COUGHLIN vs. SAME.

York County. Decided December 18, 1912. These are actions against the defendant for alleged negligence in compounding a physician's prescription, calling for five grains of phenacetin and five grains of sugar of milk, to be put up in the form of five powders, containing one grain each of the phenacetin and sugar of milk. A verdict was rendered in each case in favor of the plaintiff. Except upon the question of damages the two cases stand upon precisely the same testimony. In fact the second case is a matter of expenses only, depending upon the result of the first.

The defendant, who filled the prescription was not a registered druggist, but this fact is immaterial. If negligent, whether registered or not, he would be liable, and vice versa, provided there was no contributory negligence on the part of those administering the drug. The facts are these:

About a year before the use of the drug upon which the case arose, the plaintiff, John Coughlin, procured a prescription from Dr. Cochrane, for the compound above described. It had been refilled three or four times, and administered two or three times before to the little girl, Helen, four years old. When one of these last obtained powders was given to her it made her quite seriously ill, from the effects of which she suffered some weeks. The first action is brought to recover for this illness, alleged to have been caused by the defendant's negligence. Was the defendant negligent? There is only one ground upon which the defendant can be charged with negligence, and that is, a failure to properly mix the ingredients of which the compound was made so as to distribute the phenacetin throughout the mixture so that subtantially one grain was contained in each powder.

It is not in controversy that the defendant pursued the usual course in filling this kind of a prescription. He weighed out five grains of each of the required ingredients, placed them in a mortar, stirred them with a pestle, "from a minute and a half to two minutes," dumped the mixture upon a prepared paper, graded it up as nearly as possible, divided it into five equal parts, and then placed them into separate papers and folded them for use, properly marking the box in which they were contained. The evidence shows that this was the appropriate and usual method of filling this kind of a prescription.

Unfortunately only one of these powders was analyzed, and the inference to be drawn from this analysis is rather against the supposition of due care. The powder analyzed should have contained one grain of phenacetin, whereas it did contain but six-tenths of a grain, or one-tenth more than half. The surplus, consequently, must have gone into one or have been distributed in all the other powders. The other powders may also have been so unevenly mixed, as to have enabled some one powder to have contained a very much larger proportion of the medicinal elements than was

intended, and therefore have become an overdose for a child but four years of age.

It was incumbent upon the defendant either to so thoroughly mix the ingredients that each powder would contain substantially the quantity it was intended to have, or to compound each powder separately by weight, which was perfectly practicable to do.

But the defendant contends that the plaintiff's mother, who administered the powder, was negligent in giving a child so young so powerful a drug, without first consulting a physician to discover if her physical condition, beside the malady for which the medicine was given, was in other respects healthy. It appears, however, that a powder, compounded from this same prescription, and pre-, sumed to be precisely like it had previously been given to this little girl two or three times with perfect success. If this powder, when properly compounded, had several times been used with benefit, then the mother, we think, had a right to presume that a use of it again for a similar trouble, and it was similar, would effect a like result. She could not, therefore, be charged with negligence, even if her course was not in harmony with the highest degree of prudence. She was required to exercise only that caution which an ordinarily careful person would have done under like circumstances. We think her act comes within the rule. Motion in each case overruled. *Robert B. Seidel,* for plaintiffs. *Frank L. Palmer and James O. Bradbury,* for defendant.